UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID BAKER,

        Petitioner,

    v.

UNITED STATES,

        Respondent.

Civil No. 05-1042 (JNE/SRN)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

In 1998, Petitioner pleaded guilty to a federal criminal offense in the United States District Court for the Northern District of Mississippi.[2]  He was sentenced to 175 months in

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

[2] Although Petitioner has not specifically identified the nature of his offense, it can reasonably be inferred from his claims for relief that he must have been convicted for violating federal drug laws.

federal prison, and he is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota.  (Petition, [Docket No. 1], p. 2, ¶s 1-5.)

Petitioner did not challenge his conviction or sentence on direct appeal, or in a motion for relief under 28 U.S.C. § 2255.  (Id., p. 2, ¶ 7; p. 3, ¶ 10.)

In his present application for habeas corpus relief, Petitioner claims that (1) his past criminal history "could not be used in the instant offense," and (2) his conviction and sentence were erroneously based on "hearsay & ghost drugs," and there were no toxicology reports and no drugs to substantiate the charges against him.  He also appears to be challenging his sentence based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005).

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition.  It will therefore be recommended that this action be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal criminal conviction and sentence.  Therefore, the present petition is barred by § 2255's exclusive remedy rule, (unless the savings clause applies here).

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255 by reason of the one-year statute of limitations that applies to motions brought under that statute.  See 28 U.S.C. § 2255 [¶ 6].  Therefore, it would not be appropriate to construe the present

3

habeas corpus petition as a § 2255 motion, and attempt to transfer this matter back to the court in which Petitioner was convicted and sentenced.

Moreover, it appears that Petitioner may have deliberately elected to seek relief under the § 2241 habeas corpus statute, based (perhaps) on a belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence.  He may believe that his current petition is exempt from § 2255's exclusive remedy rule, and that he <u>can</u> challenge his sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255.  Such reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.  Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded.  Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... <u>or because Petitioner has allowed the one year statute of limitations and/or grace period to expire</u>."  <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added).  <u>See</u> also <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was

previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural restrictions that apply to § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "§ 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, it is clear that, at least to the extent that Petitioner's current claims do not rely on Blakely, Booker, or Shepard, he cannot seek habeas corpus relief under 28 U.S.C. § 2241. To the extent that Petitioner's claims are not based on those cases, he could have raised them on direct appeal, or in a timely § 2255 motion. He cannot claim that § 2255 has become "inadequate or ineffective" simply because he previously failed to raise such claims, and he is now procedurally barred from raising them in a § 2255 motion.

The Court recognizes, however, that some of Petitioner's current claims appear to be based on the Supreme Court's decisions in Blakely, Booker and Shepard. The Court also recognizes that none of those cases had been decided when Petitioner could have pursued a direct appeal or a timely § 2255 motion. This does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for Petitioner's current

5

claims based on <u>Blakely</u>, <u>Booker</u> and <u>Shepard</u>.

In <u>Perez</u>, <u>supra</u>, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), (the direct precursor of <u>Blakely</u>, <u>Booker</u> and <u>Shepard</u>), in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an <u>Apprendi</u> issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims.  286 F.3d at 1062.  The Court explained its ruling in <u>Perez</u> as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is <u>Apprendi</u> itself, <u>not the remedy by § 2255 motion</u>.  To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that <u>Apprendi</u> applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an <u>Apprendi</u> claim in a second § 2255 motion unless and until <u>Apprendi</u> applies retroactively."

<u>Id</u>. (emphasis added).  The Court later added that –

> "Appellants' attempts to gain relief [under <u>Apprendi</u>] have not been hampered by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because the constitutional doctrine announced in <u>Apprendi</u> has not been made retroactive by the Court."

<u>Id</u>.

The Court's reasoning in <u>Perez</u> is directly applicable to Petitioner's current claims based on <u>Blakely</u>, <u>Booker</u> and <u>Shepard</u>.  If those cases established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," then Petitioner could raise his <u>Blakely-Booker-Shepard</u> claims in a "second or successive" § 2255 motion.  28 U.S.C. § 2255 [ ¶ 8 ].  In fact, however, <u>Blakely</u>, <u>Booker</u> and <u>Shepard</u> are <u>not</u> retroactively on collateral review.  In <u>Never Misses A Shot v. United States</u>, 413

6

F.3d 781 (8th Cir. 2005) (per curiam), the Eighth Circuit Court of Appeals specifically held that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Id. at 783.[3]

As the Court of Appeals explained in Perez, it is the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising his Blakely-Booker-Shepard claims in a § 2255 motion. According to Perez:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.  Therefore, even for Petitioner's claims based on Booker, Blakely, and Shepard, it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective."  See Tineo v. LeBlanc, Civil No. 05-318 (ADM/SRN) (D.Minn. 2005), 2005 WL 740520 at *2 ("Petitioner cannot claim, even with respect to his Apprendi, Blakely, and Booker claims, that the remedy provided by § 2255 is 'inadequate or ineffective'").

---

[3]   Every other federal appellate court that has considered whether Booker is retroactively applicable on collateral review has also concluded that it is not.  See e.g., Lloyd v. United States, 407 F.3d 608 (3rd Cir.), cert. denied, 126 S.Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2nd Cir.), cert. denied, 126 S.Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S.Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S.Ct. 2559 (2005); United States v. Price, 400 F.3d 844 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S.Ct. 3121 (2005).

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his federal criminal conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by reason of the one-year statute of limitations that applies to such motions; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: February 13, 2006

　　　　　　　　　　　　　　　　 s/ Susan Richard Nelson
　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 1, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.